Antoinette M. Tease
ANTOINETTE M. TEASE, P.L.L.C.
175 N. 27th St., Ste. 902
Billings, MT 59101
Telephone: (406) 294-9000
Fax: (406) 294-9002
Email: toni@teaselaw.com

Attorney for Plaintiff Proof Research, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| PROOF RESEARCH, INC., | ) |
| | ) CASE NO. |
| *Plaintiff*, | ) |
| | ) |
| *v.* | ) HON. |
| | ) |
| MCGOWEN PRECISION | ) |
| BARRELS, LLC, | ) **JURY DEMANDED** |
| | ) |
| *Defendant*. | ) |

## COMPLAINT

Plaintiff Proof Research, Inc. ("Proof") states as follows for its complaint

against McGowen Precision Barrels, LLC ("McGowen"):

### Nature of the Action

1.     This is an action for trademark infringement, unfair competition, and

trademark dilution under the Lanham Act. Proof and McGowen compete to sell

precision carbon fiber composite firearm barrels. McGowen, doing business as

Carbon Six Rifle Barrels, advertises and sells firearm barrels that infringe and

dilute Proof's registered trademarks, including adopting its trade dress and gratuitous embedding of Proof's word mark PROOF on its website, www.CarbonSixLLC.com. Accordingly, Proof seeks an injunction, damages, and its costs and attorneys' fees.

## Parties, Jurisdiction and Venue

2. Plaintiff Proof Research, Inc. is a Delaware corporation in the business of making and selling firearms and firearms components including rifle barrels. Proof has a principal place of business at 10 Western Village Lane, Columbia Falls, Montana 59912.

3. Defendant McGowen Precision Barrels, LLC is a Montana limited liability company in the business of making and selling certain firearm components including gun barrels. On information and belief, defendant has a principal place of business at 4051 US Highway 93 South, Kalispell, Montana 59901.

4. On information and belief, McGowen owns and controls CarbonSix Rifle Barrels and/or does business as CarbonSix Rifle Barrels or simply CarbonSix.

5. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 (federal question), 1332 (diversity) and 1338(a) and (b) (trademarks and unfair competition).

6. This Court has personal jurisdiction over McGowen as a resident of Montana.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Factual Allegations

8.     Proof incorporates by reference paragraphs 1–7.

9.     Proof makes and sells carbon fiber composite firearm barrels and

precision rifles incorporating carbon fiber composite firearm barrels. Several

images of rifles featuring Proof's barrels are reproduced below.







10.    Proof owns the trademark in its unique barrel appearance known as a

"trade dress" trademark. Proof's trade dress trademark is registered with the US

Patent and Trademark Office, Reg. No. 4,390,533, in class 013 for the goods

-3-

"Component parts for rifles; Field guns; Firearms; Gun barrels; Guns; Hunting

rifles; Rifle barrels; Rifles; Rifles and parts thereof; Sporting rifles."

11.     Pasted below is a copy of the drawing and verbal description

appearing on Proof's U.S. trademark registration certificate.



> The mark consists of trade dress applied to gun barrels formed with a
> mottled pattern of irregularly-sized, rippled patches, resembling a
> quilt having striated patches of varying shapes and reflectivity
> depending on the ambient light source and viewing angle. The dotted
> lines in the drawing show the shape of the gun to which the applicant's
> trade dress is applied, are intended to show the position of the mark on
> the gun, and are not part of the mark.

12.     Proof also owns the word trademark PROOF, registered with the US

Patent and Trademark Office, Reg. No. 4,542,250 in class 013 for the goods "Gun

barrels; Gun stocks; Guns; Hunting rifles; Military rifles; Rifle barrels; Rifles;

Sporting rifles." Copies of Proof's registration certificates for its trade dress mark

and for its word mark are attached as Exhibit A.

13.     In or about May 2016, McGowen posted on its Facebook page a

photograph of rifle barrels mimicking the appearance of Proof's trade dress, as

shown below.

-4-



14.     In or about June, 2016, McGowen posted additional pictures of carbon
fiber rifle barrels on its Facebook page and stated that it would soon offer such
carbon fiber barrels for sale to the public.

15.     In late June, 2016, McGowen launched a website dedicated to selling
carbon fiber composite firearm barrels, www.carbonsixllc.com. Since at least
June, 2016 and continuing through the present, McGowen has offered for sale on
its Facebook page and on its dedicated website firearm barrels featuring a
distinctive "mottled pattern of irregularly-sized, rippled patches, resembling a quilt
having striated patches of varying shapes and reflectivity" (hereinafter "irregular
mottled finish"). Several pages from its dedicated website and Facebook page are
attached as Exhibit B.

16.     The irregular mottled finish is aesthetic and not itself functional. Nor
is the finish an inevitable result of producing a barrel comprising helically wrapped
carbon fibers. Rather, the irregular mottled finish is only obtained by means of a
carefully controlled finishing process.

17.     On or about February 22, 2017, McGowen added statements and
pictures on its Facebook page and on its dedicated CarbonSix website, stating,
"Here's a few pictures taken around the shop of production barrels. They show off
the beautiful finish we've worked so hard to perfect. Fully custom carbon fiber
rifle barrels faster, better and more affordable than the 'other guys!'" (Emphasis
added.) Web captures relating to McGowen's statement are compiled at Exhibit C.

18.     On information and belief, McGowen has deliberately copied the
distinctive features of Proof's trade dress to trade on the goodwill associated with
Proof's trade dress and its high performance rifle barrels.

19.     McGowen also liberally uses Proof's registered trademark PROOF on
its dedicated CarbonSix website, as embedded tags and/or meta-tags, as well as in
general visible text, such as "Here are a few of the key features and options that
make these fool proof carbon fiber barrels." "This is a careful blend of materials
and craftsmanship to create a fool proof carbon fiber barrel for our customers."
"We make the process fool proof." (All emphasis added.) Similarly, CarbonSix's
Facebook page includes at least one post that statse, "Need more proof that Carbon
Six is the real deal[?]" Some relevant webpages and the html source code for the
CarbonSix "home," "about" and "barrels" web pages are attached as Exhibit D
with the "proof" text and metatags highlighted.

20.     McGowen intentionally and gratuitously embeds Proof's registered
word mark PROOF in its CarbonSix website, both as visible text and extensively

-6-

as metadata, in order to promote itself in search results generated and displayed by internet search engines such as Google.

21.     On information and belief, as a consequence of McGowen's actions, a significant number of potential consumers searching the internet for a genuine Proof barrel will be confused and misdirected to McGowen's dedicated CarbonSix website.

22.     On information and belief, McGowen's firearm barrels are of lower quality than Proof's firearm barrels. Upon inspection and after purchase, consumers would find that McGowen's infringing barrels are of a lesser quality than Proof's barrels, thereby damaging the reputation of Proof's barrels, because consumers may be confused as to source and believe that the inferior infringing barrels are Proof barrels.

23.     Proof's registered trade dress is distinctive, nonfunctional, and serves as a source designator of Proof's barrels and firearms.

24.     Numerous other feasible ways exist in which McGowen could choose to finish its gun barrels. For example, McGowen offers for sale carbon fiber barrels with an exterior finish based on a hoop winding pattern, woven pattern, and a ceramic-based coating available in many colors including camouflage, as shown in its dedicated CarbonSix website pages attached at Exhibit E.

-7-

25.     Despite the availability of other readily available finish options, McGowen worked hard to perfect a finished appearance that is identical or strikingly similar to Proof's registered trade dress.

26.     Proof has spent countless hours and tens of thousands of dollars in marketing, promoting and advertising its barrels and promoting their distinctive trade dress, resulting in millions of dollars of sales of the distinctive barrels in interstate commerce.

27.     As a result of Proof's continuous and exclusive promotion and sales of its barrels in their distinctive trade dress, Proof's trade dress has acquired secondary meaning among relevant consumers as a primary source identifier of Proof barrels.

28.     On or about June 2, 2016, Proof notified McGowen of its trade dress registration and demanded that McGowen cease and desist from selling, distributing, advertising, or promoting barrels, or rifles fitted with barrels, having a carbon fiber composite winding finish that imparts an image of an irregular mottled pattern.

29.     Despite receiving Proof's cease and desist letter, McGowen has refused to cease or desist from its infringing conduct.

30.     To the contrary, after receiving Proof's cease and desist letter McGowen increased focus and intention on the irregular mottled appearance of its

barrels, and gratuitously and repeatedly inserted the word "proof" on its dedicated CarbonSix website.

## COUNT 1 – Trademark Infringement, Lanham Act Section 32
## (15 U.S.C. § 1114)

31.     Proof incorporates paragraphs 1-30.

32.     Proof owns the trade dress of an irregular mottled finish on firearm barrels as described in U.S. Trademark Registration No. 4,390,533.

33.     McGowen has advertised, sold and offered to sell firearm barrels in commerce that feature an irregular mottled finish that is identical or substantially similar to Proof's registered trade dress.

34.     The finish that McGowen applies to its firearm barrels is not easily obtained.  McGowen works hard to create the irregular mottled finish on its firearm barrels.

35.     The finish that McGowen applies to its firearm barrels reproduces, copies, or colorably imitates Proof's registered trade dress.

36.     McGowen knowingly imitated Proof's trade dress intending that its actions cause confusion, mistake, or deceive the relevant consumer market as to the source of McGowen's firearm barrels.

37.     Proof owns the word PROOF, as described in U.S. Trademark registration No. 4,542,250.

-9-

38.     McGowen gratuitously peppered its dedicated CarbonSix website with Proof's registered mark PROOF, both in visible text and in metadata, intending that its actions cause confusion, mistake, or deceive the relevant consumer market as to the true origin of the firearm barrels offered by McGowen.

39.     McGowen's actions, independently and in combination, created a strong likelihood of confusion among the relevant consumer market.

40.     McGowen's actions, independently and in combination, have caused actual confusion among the relevant consumer market.

41.     McGowen's actions infringed Proof's registered trademarks.

42.     McGowen's infringement was willful.

43.     Proof has suffered damages as a result of McGowen's infringement.

44.     The circumstances of McGowen's continued infringement make this an "exceptional case" pursuant to 15 U.S.C. § 1117(a)(3) entitling Proof to treble damages and its attorneys' fees.

45.     On information and belief, the infringement by McGowen has and will deprive Proof of sales, profits, and other related revenue that Proof would have made or would enjoy in the future, has injured Proof in other respects, and will cause Proof irreparable harm unless McGowen is enjoined from infringing the registered marks.

## COUNT 2 – Unfair Competition, Lanham Act Section 43(a)
## (15 U.S.C. § 1125(a))

46.     Plaintiff incorporates paragraphs 1 – 45.

47.     McGowen markets and sells its firearm barrels by actively promoting its nonfunctional aesthetic trade dress, said trade dress being identical or substantially similar to Proof's trade dress of an irregular mottled pattern.

48.     McGowen advertises its goods in commerce using the word "proof," in visible text and metadata.

49.     McGowen's application of the irregular mottled pattern on its barrels, and its repeated use of the word "proof" on multiple pages of its dedicated CarbonSix website, is a false or misleading designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of McGowen's barrels.

50.     McGowen's actions, independently and in combination, have caused actual confusion among the relevant consumer market.

51.     McGowen's manufacture, sale and distribution of firearm barrels incorporating or embodying Proof's trade dress trademark has enabled McGowen to benefit unfairly from Proof's reputation and commercial success, thereby imputing to McGowen's infringing products sales and commercial value they would not have otherwise.

52.     McGowen's false or misleading use of the irregular mottled finish and the word "proof" on its CarbonSix website is unfair competition prohibited by Lanham Act Section 43, 15 U.S.C § 1125(a).

53.     The circumstances of McGowen's continued unfair competition in violation of Section 43 make this an "exceptional case" pursuant to 15 U.S.C. § 1117(a)(3) entitling Proof to treble damages and its attorneys' fees.

54.     On information and belief, McGowen's unfair competition has and will deprive Proof of sales, profits, and other related revenue that Proof would have made or would enjoy in the future, has injured Proof in other respects, and will cause Proof irreparable harm unless McGowen is enjoined from its wrongful acts under Section 43.

## COUNT 3 – Trademark Dilution, Lanham Act Section 43(c)
## (15 U.S.C. § 1125(c))

55.     Plaintiff incorporates paragraphs 1 – 54.

56.     Proof's predecessor-in-interest began using in commerce its distinctive irregular mottled finish as trade dress since at least February 2003. Since that date, Proof's (and its predecessor's) use of the trade dress has been substantially continuous across a large geographic area.

57.     Since 2003, Proof has used its trade dress substantially continuously and devoted substantial advertising and marketing efforts to promoting the

appearance of its barrels. As a result, the appearance of Proof's firearms has acquired a high degree of distinctiveness.

58.     Persons within the firearms industry, especially those knowledgeable about high precision shooting, widely recognize Proof's trade dress as designating a genuine Proof barrel.

59.     Proof's registered trade dress is a "famous mark" under Section 43 of the Lanham Act.

60.     McGowen began using Proof's trade dress in commerce after it became famous.

61.     McGowen's use of Proof's famous trade dress mark has diminished the capacity of that mark to identify and distinguish goods or services.

62.     McGowen's actions have diluted the distinctive quality of Proof's famous mark by blurring its capacity as a unique identifier of genuine Proof barrels.

63.     On information and belief, McGowen's dilution of Proof's trade dress trademark has and will deprive Proof of sales, profits, and other related revenue that Proof would have made or would enjoy in the future, has injured Proof in other respects, and will cause Proof irreparable harm unless McGowen is enjoined from its wrongful acts under Section 43.

64.     McGowen's actions were willful, entitling Proof to damages and attorneys' fees pursuant to 15 U.S.C. §1117(a).

-13-

## COUNT 4 – Unfair Trade Practices (MCA § 30-14-101 *et seq.*)

65.    Plaintiff incorporates paragraphs 1 – 64.

66.    McGowen's misappropriation and misuse of Proof's trade dress with the purpose of misleading consumers constitutes unfair trade practices under Montana law, MCA § 30-14-101 *et seq.*).

67.    Under MCA § 30-14-133(1), Proof is entitled to recover, and therefore seeks, no less than the actual damages sustained as a result of McGowen's unfair trade practices in an amount to be determined at trial.

68.    Under MCA § 30-14-133(1), Proof also seeks treble damages in light of the egregiousness of McGowen's immoral, unethical, oppressive and/or unscrupulous conduct.

## COUNT 5 – Injury to Business Reputation; Dilution (MCA § 30-13-334)

69.    Plaintiff incorporates paragraphs 1 – 68.

70.    Proof has extensively and continuously promoted and used its firearm barrel trade dress in the United States, and this trade dress has thereby become a distinctive and well-known symbols of Proof's high quality products and services. As a result of the duration, extent, and geographic reach of Proof's use of its firearm barrel trade dress, and advertising and publicity associated with the same, this trade dress is widely recognized by the consuming public as a designation of source of Proof's products and services.  McGowen began using the infringing

-14-

trade dress in interstate United States commerce after Proof's traded dress became distinctive.

71.    McGowen's unauthorized commercial use of the infringing trade dress has diluted and continues to dilute the distinctive quality of Proof's trade dress by lessening its capacity to identify and distinguish Proof exclusively as the source of goods and services bearing or provided under this trade dress.

72.    McGowen's actions demonstrate an intentional and willful intent to trade on the goodwill associated with Proof's trade dress and/or to cause dilution of the Proof trade dress, to the great and irreparable injury of Proof.

73.    McGowen is causing and will continue to cause irreparable injury to Proof's goodwill and business reputation, and dilution of the distinctiveness and value of Proof's trade dress, in violation of the Montana statute concerning injury to business reputation and dilution, MCA § 30-13-334.

74.    The aforesaid conduct of McGowen is causing irreparable injury to Proof and to its goodwill and reputation, and will continue to damage Proof and deceive the public unless enjoined by this Court.  Proof has no adequate remedy at law.

### PRAYER FOR RELIEF

Proof prays that this Court enter judgment in favor of Proof and against McGowen on all claims asserted by Proof:

A.    Entering preliminary and permanent injunctions against McGowen as provided by, for example, 15 U.S.C. § 1116, enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons in active concert, privity, or participation with McGowen from 1) finishing firearms or firearm barrels with an irregular mottled finish similar to Proof's registered trade dress; and 2) embedding the word "proof" in its marketing materials, including websites, except for incidental and occasional use of that term in visible text.

B.    Ordering McGowen to provide an accounting of all sales activity relating to its sales of barrels incorporating an irregular mottled finish, together with an itemized list of all persons to whom it has sold such barrels including their addresses and other contact information;

C.    Awarding such damages to Proof to which it is entitled, pursuant to 15 U.S.C. § 1117, including treble damages;

D.    Awarding Proof pre-judgment and post-judgment interest as allowed by law;

E.    Awarding Proof its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117; and

F.    Awarding Proof such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38(b) of the Federal Rules of Civil Procedure, Plaintiff

hereby demands a trial by jury on all issues raised by the Complaint.

DATED this 15th day of December, 2017.

_____/s/ Antoinette M. Tease_____
Attorney for Plaintiff Proof Research, Inc.